UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | Case No.: 12-CV-04446-EJD |
| Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO RULE 26(F) CONFERENCE** |
| v. | |
| JOHN DOE, | |
| Defendant. | **(Re: Docket No. 6)** |

Plaintiff AF Holdings, LLC, ("AF Holdings") seeks expedited discovery to uncover the identity of the unknown John Doe ("Doe") defendant. AF Holding's lawsuit bears a striking resemblance to the many copyright infringement actions appearing before the court in 2011.[1] Like the plaintiffs in those cases, AF Holdings is suing the defendant, known only by an Internet Protocol ("IP") address, for illegally downloading and sharing on a peer-to-peer network a film of the adult entertainment variety.[2] And, like those plaintiffs, AF Holdings has made an ex parte application to the court to serve a subpoena on the Internet Service Provider ("ISP") that provided internet access to Doe to turn over identifying information.

---

[1] *See Boy Racer, Inc. v. Does 1-52*, Case No. 11-cv-2329-PSG, 2011 WL 7402999 at *1 n.1 (N.D. Cal. Sept. 3, 2011) (listing cases).

[2] AF Holdings shares with at least one previous plaintiff, Boy Racer, Inc., both counsel and the declarant to an affidavit submitted with the pending motion.

1

Case No.: 12-4446
ORDER

1    In the affidavit supporting its application, AF Holdings' declarant, Peter Hansmeier, points

2 out that expedited discovery is necessary because ISPs regularly dispose of the identifying

3 information attached to IP addresses. Mr. Hansmeier assures the court that the ISP can provide AF

4 Holdings with the name, street address, and at least one email address for Doe based on the IP

5 address alone. In light of its substantial experience with these types of discovery requests,[3] the

6 court is – to put it mildly – skeptical that this discovery will permit the identification of Doe and

7 service in compliance with Fed. R. Civ. P. 4. Nevertheless, AF Holdings has avoided the

8 misjoinder morass of many of its predecessors.[4] Without binding AF Holdings to the

9 representations of its predecessors, the overlap in its agents notwithstanding, the court finds AF

10 Holdings has made a sufficient showing. The court reminds AF Holdings that its expedited request

11 is limited to the ISP it identified in its moving papers and reminds counsel that the court is not

12 inclined to allow further discovery if the ISP fails to provide information adequate to the task at

13 hand.[5]

14    IT IS HEREBY ORDERED that AF Holdings is allowed to serve immediate discovery on

15 Doe's ISP listed in Exhibit A to the Complaint by serving a Rule 45 subpoena that seeks

16 information sufficient to identify Doe, including the name, addresses, telephone numbers, and

17 email addresses of Doe. AF Holding's counsel shall include a copy of this order.

18    IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service upon it

19 to serve Doe with a copy of the subpoena and a copy of this order. The ISP may serve Doe using

20 any reasonable means, including written notice sent to Doe's last known address, transmitted either

21 by first-class mail or via overnight service. The ISP and Doe each shall have 30 days from the date

---

[3] *See Boy Racer, Inc.*, 2011 WL 7402999 at *2.

[4] *See, e.g.*, *Patrick Collins, Inc. v. John Does 1 through 38*, Case No. 12-cv-01451, 2012 WL 2681828 (E.D. Cal. July 6, 2012); *OpenMind Solutions, Inc. v. Does 1-39*, Case No. 11-3311 MEJ, 2011 WL 3740714 (N.D. Cal. Aug. 23, 2011); *Diabolic Video Prods. v. Does 1-2099*, Case No. 10-cv-5865-PSG, 2011 WL 3100404 (N.D. Cal. May 31, 2011). *Cf. Incorp Serv. v. Does 1-10*, Case No. 11-4660 PSG, 2011 WL 5444789 at *2 n.17 (N.D. Cal. Nov. 9, 2011) (distinguishing coordinated attempts to perpetrate click-through fraud, which allowed joinder of numerous Does, from "a large number of unrelated Doe defendants connected by nothing more than their alleged participation in an online peer-to-peer 'swarm,'" which did not permit joinder).

[5] *See id.* at *3.

2

Case No.: 12-4446
ORDER

of service to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without Doe or the ISP contesting the subpoena, the ISP shall have 10 days to produce to AF Holdings the information responsive to the subpoena with respect to Doe.

IT IS FURTHER ORDERED that the ISP shall not assess any charge to AF Holdings in advance of providing the information requested in the subpoena, and that the ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

IT IS FURTHER ORDERED that the ISP shall preserve all subpoenaed information pending the ISP's delivering such information to AF Holdings or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

IT IS FURTHER ORDERED that any information disclosed to AF Holdings in response to a subpoena may be used by AF Holdings solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq.

**IT IS SO ORDERED.**

Dated: September 18, 2012

PAUL S. GREWAL
United States Magistrate Judge

3

Case No.: 12-4446
ORDER